UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRUE INVESTMENT INC.,

            Plaintiff,

v.

UNITED SPECIALTY INSURANCE COMPANY,

            Defendant.

Case No. 8:19-CV-1897

## NOTICE OF REMOVAL

Defendant, United Specialty Insurance Company, by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes an action pending in the Circuit Court of the Thirteenth Judicial Circuit of Florida, in and for Hillsborough County, styled *True Investments Inc. v. United Specialty Insurance Company*, Case No. 18-CA-010635 (the "State Court Action"), where Plaintiff, True Investment Inc. ("Plaintiff") sued Defendant, United Specialty Insurance Company ("United Specialty"), and states:

## STATEMENT OF REMOVAL

1. Plaintiff sued United Specialty in Hillsborough County Circuit Court of the Thirteenth Judicial Circuit. The Complaint alleges breach of contract reportedly arising out of a loss that occurred on or about July 30, 2018.[1]

---

[1] The Complaint alleges a date of loss of July 30, 2018. However, the date of loss reported to United Specialty was August 1, 2018.

2. On November 7, 2018, the State of Florida Department of Financial Services served United Specialty with the Complaint.

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and order served upon United Specialty in the State Court Action are attached hereto and incorporated by reference herein as composite Exhibit "A."

4. The only parties in the State Court action are the Plaintiff, True Investment Inc., and United Specialty.

5. Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in a state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

6. Additionally, 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens and subjects of a foreign state."

7. Because this case involves a claim for which Plaintiff seeks damages in excess of $75,000, and complete diversity exists between Plaintiff and United Specialty, it lies within the original subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

8. This Notice of Removal is filed timely within 30 days of United Specialty's receipt of the Civil Remedy Notice, which was accepted for filing on July 24, 2019, from which United Specialty first ascertained that the case met the amount in controversy requirement for removal, pursuant to 28 U.S.C. § 1446(c)(3).

**VENUE**

9. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, because the State Court Action originated in Hillsborough County, Florida. *See* Local Rules 1.02(b)(4) and 4.02(a).

**JURISDICTION**

10. This Court has jurisdiction. The State Court Action is a civil action that falls under this Court's original jurisdiction, pursuant to 28 U.S.C. § 1332(a)(2), because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. United Specialty is entitled to remove this action pursuant to 28 U.S.C. § 1441.

**COMPLETE DIVERSITY EXISTS**

11. At the time of the lawsuit and the filing of this Notice of Removal, there was, and still is, complete diversity between Plaintiff (a citizen of Florida) and United Specialty (not a citizen of Florida).

12. United Specialty is not a citizen of Florida. It is not incorporated under the laws of Florida and does not have its principal place of business in Florida. United Specialty is a corporation organized under the laws of Delaware, and its principal place of business is in Texas. Accordingly, United Specialty is a citizen of Delaware and Texas for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

13. Plaintiff is a citizen of Florida. It is a Florida Profit Corporation organized under the laws of Florida. It has a principal place of business in Miami Lakes, Florida. Plaintiff's officers/directors are Alberto Sosa and Fabiola Montes. Alberto Sosa is the

President and Fabiola Montes is the Vice President. Alberto Sosa and Fabiola Montes are Florida citizens. Therefore, Plaintiff is a Florida citizen for purposes of diversity jurisdiction. The annual reports from 2017-2018, which are official state documents from the Florida Department of State, Division of Corporations, are attached hereto as composite Exhibit B.

14. No other parties have been joined or served in this action.

### AMOUNT IN CONTROVERSY EXCEEDS $75,000

15. United Specialty issued an insurance policy (the "Policy") to Plaintiff. A copy of the applicable insurance policy is attached hereto as Exhibit C.

16. The Policy insures multiple properties. In the State Court Action, Plaintiff alleges a loss to the property located at 2609 Gemini Ct., Tampa, FL 33614. See composite Exhibit A, Complaint at ¶2.

17. Plaintiff presented a claim to United Specialty for loss to the insured property.

18. The Plaintiff filed a Civil Remedy Notice with the Florida Department of Financial Services, which was accepted for filing on July 24, 2019 and bears filing number 446277, alleging for the first time damages related to the loss in the amount of $395,744.12. A true and correct copy of the Civil Remedy Notice is attached hereto as Exhibit D.

19. Notably, the Complaint did not plead an amount at issue other than Plaintiff's claims were sufficient to meet the jurisdiction amount for Florida Circuit Court. United Specialty first learned of the amount in controversy on July 25, 2019 when

United Specialty received a copy of the Civil Remedy Notice which claimed damages totaling $395,744.12. See Exhibit D.

20. After United Specialty received notice of the amount in controversy, it was able to determine for the first time that the amount in controversy exceeds the jurisdictional limit of $75,000, as required under 28 U.S.C. § 1332(a).

21. While United Specialty denies liability as to Plaintiff's allegations, the amount in controversy between Plaintiff and United Specialty exceeds the $75,000 amount in controversy requirement for diversity jurisdiction, exclusive of interests and costs, as required under 28 U.S.C. § 1332(a).

## COMPLIANCE WITH 28 U.S.C. § 1446

22. United Specialty is filing with this motion copies of all process, pleadings, and orders served on it, and such other papers that are exhibits, as required by 28 U.S.C. § 1446, and the Local Rules of this Court. *See* Local Rule 4.02(b).

23. Although the Complaint provides jurisdictional limits in excess of $15,000, there are no other allegations by Plaintiff in the Complaint as to the alleged amount in controversy at issue in the State Court Action.

24. As the Policy includes a $5,000 all other perils deductible that is applicable to the loss at issue in the State Court Action, and because Plaintiff failed to allege an amount in controversy in the Complaint, United Specialty had no way of knowing the amount in controversy would exceed the sum or value of $75,000 as required under 28 U.S.C. § 1332(a) until receipt of the Civil Remedy Notice which was accepted for filing on July 24, 2019.

25. Pursuant to 28 U.S.C. § 1446(b)(3), "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, <u>a notice of removal may be filed within 30 days after receipt by the defendant</u>, through service or otherwise, of a copy of an amended pleading, motion, order or <u>other paper from which it may first be ascertained that the case is one which is or has become removable</u>." (emphasis added.)

26. "The definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." *Wilson v. Target Corp.*, 2010 WL 3632794 (S.D. Fla. Sept. 14, 2010).

27. Removal of this action is therefore timely under 28 U.S.C. § 1446(b)(3) because this Notice of Removal is being filed within thirty (30) days of receipt of notice that the amount in controversy exceeds the jurisdictional limit of $75,000, as required under 28 U.S.C. § 1332(a). *See Towers of Oceanview South Condominium Ass'n, Inc. v. Great American Ins. Co. of New York*, 2014 WL 4376147 (S.D. Fla. Sept. 4, 2014) (holding in denying the plaintiff's motion to remand, the Court held that the defendant timely filed its notice of removal within thirty days of receipt of the plaintiff's responses to interrogatories which first placed defendant on notice of the specific amount in controversy). *See also Berman v. Target*, 2015 WL 13236637 (S.D. Fla. December 15, 2015) (holding in denying the plaintiff's motion to remand, the Court explained that a defendant cannot be expected to guess the proper quantification of damages, and therefore removal was timely when the defendant was first placed on sufficient notice through discovery).

28. Removal is properly made to the United States District Court for the Middle District of Florida under 28 U.S.C. § 1441(a) because Hillsborough County, where this action is currently pending, is within the Middle District of Florida, Tampa Division.

29. Pursuant to 28 U.S.C. § 1446(d), United Specialty will provide written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Attached to this notice is a copy of all process, pleadings, and orders served upon United Specialty, as required by 28 U.S.C. § 1446(a). See composite Exhibit A.

**WHEREFORE**, by this Notice of Removal, United Specialty Insurance Company hereby removes this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and respectfully request that this action proceed as properly removed to this Court and that this Court exercise jurisdiction over this matter.

Dated:  August 2, 2019

Respectfully submitted,

*/s/ Melissa M. Burghardt*
**VINCENT P. BEILMAN III, ESQ.**
Florida Bar No. 23966
**MELISSA M BURGHARDT, ESQ.**
Florida Bar No. 84917
**WOOD, SMITH, HENNING & BERMAN LLP**
1501 S. Church Ave, Suite 200
Tampa, Florida 33629
Telephone:  813-422-6910
Fax:  813-425-6983
vbeilman@wshblaw.com
mburghardt@wshblaw.com
tpebler@wshblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing *Notice of Removal* on all parties, via CM/ECF E-file portal as follows:

Mark A. Dombrosky, Esq.
A. Lee Smith, Esq.
Smith, Kling & Thompson, P.A.
4725 N. Lois Avenue
Tampa, Florida 33614
Email: mrivera@smithkling.com
mdombrosky@ttglaw.com
lsmith@smithkling.com
*Counsel for Plaintiff*

Dated: August 2, 2019

*/s/ Melissa M. Burghardt*
**MELISSA M. BURGHARDT, ESQ.**