**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TRUE INVESTMENT INC.,**                    **CASE NO:    8:19-cv-01897-JSM-TGW**

    **Plaintiff,**

**v.**

**UNITED SPECIALTY**
**INSURANCE COMPANY,**

    **Defendant.**

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **TRUE INVESTMENT INC.**, (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, **UNITED SPECIALTY INSURANCE COMPANY**, (hereinafter referred to as "Defendant"), and as grounds therefore states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of fifteen thousand dollars ($15,000), exclusive of pre-judgment interest, attorneys' fees, and costs.

2. At all times material hereto, Plaintiff owned real property located at **2609 GEMINI COURT, TAMPA, FL 33614** (the "Property").

3. At all times material hereto, Defendant was a corporation duly licensed to conduct business in the State of Florida and is engaged in the business of insurance in **HILLSBOROUGH COUNTY**.

4. Jurisdiction and venue are proper in this Court.

## **GENERAL ALLEGATIONS**

5.     At all times material, Plaintiff's Property was covered for loss by Policy No. **VET-GF00454170** (the "Policy") issued by Defendant. A copy of the Policy representing such coverage is attached hereto and incorporated herein as Exhibit A.

6.     Plaintiff has paid all premiums on the Policy, and the Policy was in full force and in effect at all relevant times herein.

7.     On or about **JULY 30, 2018**, Plaintiff suffered damages to its Property associated with claim number **VEN-UNS-1000045**.

8.     The damage to the Property includes, but is not limited to, damage to Building No. 33-1.

9.     The damage to the Property associated with claim number **VEN-UNS-1000045** was caused by a covered peril under the Policy.

10.    The damage to Plaintiff's property is accidental, continuing in nature, and covered under the Policy.

11.    Plaintiff duly made application for insurance benefits under the Policy, but Defendant failed and refused to admit full coverage and pay Plaintiff the benefits to which it is entitled for the loss.

12.    Plaintiff timely made an application for insurance benefits under the Policy, but Defendant failed and refused to investigate and adjust the subject loss.

13.    All conditions precedent to obtaining payment of said benefits under the policy from Defendant have been complied with, met or waived.

14.    As a result of Defendant's refusal to pay the losses sustained by Plaintiff, Plaintiff has retained the services of the undersigned attorney and is obligated to pay a reasonable fee for

services thereof. Plaintiff is entitled to attorneys' fees in this action pursuant to Fla. Stat. § 627.428.

## COUNT I
### (Breach of Contract)

15. Plaintiff hereby incorporates by reference paragraphs 1 through 14, as though fully set forth herein.

16. Plaintiff and Defendant are parties to a valid and binding contract under which Defendant is required to provide insurance benefits to Plaintiff in the event of a covered loss to Plaintiff's Property.

17. Plaintiff has suffered a covered loss to the Property.

18. Defendant has breached the Policy by failing to pay Plaintiff the full benefits due and owing under the Policy.

19. Plaintiff has been damaged by Defendant's breach of contract.

20. Plaintiff is entitled to the full cost of remediation and repair of the Property, ordinance and law coverage, business interruption losses and/or loss of rental income.

21. Plaintiff is entitled to compensation for the loss to their Property. Plaintiff seeks the following damages: (a) the full cost for remediation and repair of the property; (b) damages including court costs, attorneys' fees under Fla. Stat. § 626.9373, expert fees and costs and pre-judgment interest; (c) additional policy benefits for loss of business interruption, law and ordinance coverage, rental value, debris removal, and any other benefit available under the policy; and (d) any other consequential damages which flow naturally from the above-described breach.

22. Plaintiff demands a trial by jury on all issues in Count I.

WHEREFORE, Plaintiff, **TRUE INVESTMENT INC.,** demands judgment against Defendant/Insurer, **UNITED SPECIALTY INSURANCE COMPANY** for:

A.     All damages to which Plaintiff is entitled, including all benefits available under the Policy of insurance;

B.     Pre-judgment interest;

C.     Court costs, expert fees, and attorneys' fees pursuant to Fla. Stat. §§ 57.041, 92.231, and 626.9373; and

D.     Any such other and further relief that this Court deems just and reasonable.

## DEMAND FOR JURY TRIAL

Further, Plaintiff requests a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF E-File portal to: Melissa M. Burghardt, Esquire and Vincent P. Beilman, III, Esquire**, Wood, Smith, Henning & Berman, LLP** (*Counsel for United Specialty Insurance Company*) mburghardt@wshblaw.com; vbeilman@wshblaw.com; tpebler@wshblaw.com on this 29th day of August, 2019.

By: /s/ *A. Lee Smith*
*Smith Thompson Law*
A. Lee Smith, Esquire
FBN: 0031428
Mark A. Dombrosky, Esquire
FBN: 533521
Primary Email: mrivera@smiththompsonlaw.com
4725 N. Lois Avenue
Tampa, Florida 33614
Telephone: 813.254.1800
Facsimile: 813.254.1844
Attorney for Plaintiff

ALS/bf